**Order filed August 11, 2014.**



In The

# Fourteenth Court of Appeals

———————

## NO. 14-14-00297-CV

———————

## IN RE L. CHARLES MONCLA, JR., J. CLARKE LEGLER, II, WILLIAM RESTREPO, DANIEL T. LAYTON, LAYTON CORPORATION, PLATINUM ENERGY HOLDINGS, INC., AND PLATINUM ENERGY SOLUTIONS, INC., Relators

---

## ORIGINAL PROCEEDING
## WRIT OF MANDAMUS
### 234th District Court
### Harris County, Texas
### Trial Court Cause No. 2012-30972

---

## CONTINUING ABATEMENT ORDER

On April 21, 2014, relators, L. Charles Moncla, Jr., J. Clarke Legler, II, William Restrepo, Daniel T. Layton, Layton Corporation, Platinum Energy Holdings, Inc., and Platinum Energy Solutions, Inc., filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221.

In the petition, relators asked that this court compel The Honorable Wesley Ward, Judge of the 234th District Court, Harris County, Texas, to (1) vacate his March 31, 2014 order overruling relators' special exceptions entered in trial court cause number 2012-30972, styled *Starstream Capital, LLC, et al. v. L. Charles Moncla, Jr., et al.*; (2) grant the special exceptions; (3) strike real parties in interest's pleadings; and (4) dismiss the case with prejudice.

On June 2, 2014, relators informed this court that the parties have agreed to settle the underlying dispute, subject to the execution of a mutually acceptable settlement agreement. We abated the case for thirty days and directed the parties to advise the court of the status of the settlement. On July 3, 2014, relators advised this court that the parties are still continuing to work towards a settlement agreement. We issued an order on July 10, 2014, continuing the abatement of the case for an additional period of thirty days, and directed relators and real parties in interest to advise the court of the status of the settlement.

On August 4, 2014, relators advised this court that the parties are still working toward settling the case. Therefore, the abatement of this case is continued for an additional thirty days, at which time the parties are directed to advise the court of the status of the settlement. The original proceeding will be reinstated on this court's active docket when the parties file a motion to dismiss the original proceeding or other dispositive motion. The court also will consider an appropriate motion to reinstate the original proceeding, or the court may reinstate the original proceeding on its own motion.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Boyce and Jamison.

2